## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | |
| 30339 DIAMOND PARKWAY, #102 | ) | |
| GLENWILLOW OH 44139 | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | |
| | ) | |
| **RONALD RUSS LIBBY** | ) | |
| P.O. BOX 609 | ) | |
| WITTMAN, AZ 85361 | ) | |
| | ) | |
| PLEASE ALSO SERVE AT: | ) | |
| | ) | |
| 10000 N 31ST AVENUE | ) | |
| SUITE C302 | ) | |
| PHOENIX, AZ 85051 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
### (JURY DEMAND ENDORSED HEREIN)

Plaintiff The NOCO Company d/b/a NOCO ("*Plaintiff*") by and through counsel, and for its Complaint against Defendant Ronald Russ Libby ("*Defendant*"), states as follows:

### INTRODUCTION

1. This case arises out of Defendant's breach of a settlement agreement in which Defendant agreed forever to refrain from directly or indirectly selling any of Plaintiff's products or using any of Plaintiff's intellectual property.

2. Defendant's breaches, unauthorized sales, and infringing activities are illegal, have harmed, and will continue to harm Plaintiff.

## PARTIES

3. Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "***Products***").

4. Defendant sells the Products online on www.amazon.com and www.ebay.com, and possibly other websites, using the Amazon Storefront name "Tigger Ranch" and the Ebay seller name "Libster787".

5. Defendant is selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without the authority or consent of Plaintiff and in breach of a valid settlement agreement between the parties.

## JURISDICTION/VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

7. This Court has personal jurisdiction over the Defendant pursuant to Ohio Revised Code Section 2307.382(A)(1) and (4).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and pursuant to a valid and enforceable contractual forum and choice of law provision entered into by the Plaintiff and Defendant.

## BACKGROUND
### *Plaintiff's Business*

9. Plaintiff sells the Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "***Reseller***" and together, "***Resellers***"), and through online stores such as Amazon.

10. When Plaintiff sells to Resellers it enters into contracts with such sellers ("***Reseller Agreements***").

11. Resellers may only sell the Products pursuant to a Reseller Agreement.

12. Plaintiff uses Reseller Agreements in order to promote fair competition among Resellers; to protect its proprietary images, designs, and content ("**Copyrights**"); to protect its brand, its goodwill, and its registered trademarks, including the trademarks NOCO® and NOCO GENIUS® ("**Trademarks**").

13. The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to prevent brand dilution, tarnishment, and confusion as to the origin of the Products. An example of such an agreement is attached as Exhibit A.

14. The Reseller Agreements only permit sales of the Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. A.

15. The Reseller Agreements specify that any warranties associated with the Products are only valid when sold by Resellers to retail consumers. *Id.*

## *Plaintiff Enters into the Settlement Agreement with Defendant*

16. In 2017, Plaintiff became aware, and so notified Defendant, that Defendant was selling the Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent on www.amazon.com through the Amazon Storefront "Tigger Ranch."

17. On August 25, 2017, undersigned counsel sent a letter informing Defendant that he was, *inter alia*, selling the Products without authorization and that such sales violated Plaintiff's rights in the Copyrights and the Trademarks (the "**Letter**"). The Letter is attached as Exhibit B.

18. The Letter also put Defendant on notice of Plaintiff's claims, and requested that Defendant cease such conduct immediately.

19. On September 8, 2017, Plaintiff entered into a settlement agreement with Defendant (the "**Settlement Agreement**"). A copy of the Settlement Agreement is attached as Exhibit C.

20. The Settlement Agreement requires that, *inter alia*, Defendant and all related entities forever refrain from directly or indirectly selling the Products or using any of the Copyrights or Trademarks on any website or other platform.

### *Defendant Breaches the Settlement Agreement*

21. At least since November 20, 2018, Plaintiff has been aware that Defendant was breaching the Settlement Agreement, by selling Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent, this time on eBay.com using the seller name "Libster787".

22. Defendant continues to breach the Settlement Agreement by continuing to sell the Products. An example of Defendant selling the Products in violation of the Settlement Agreement is attached as Exhibit D.

### Count One
### Breach of Contract

23. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

24. The Settlement Agreement is a valid and binding contract between Plaintiff and Defendant.

25. Plaintiff has performed all of its obligations under the Settlement Agreement.

26. Defendant breached the Settlement Agreement by selling the Products on prohibited websites.

27. As a result of Defendant's breaches, Plaintiff has suffered and will continue to suffer irreparable harm and monetary damages in an amount to be determined at trial.

## Count Two
## Unfair Competition

28. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

29. Defendant's actions, including, but not limited to, its unauthorized sale of the Products, its unauthorized use of the Trademarks, and its unauthorized use of Plaintiff's Copyrights constitute unfair competition.

30. Defendant's actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with prospective business relationships, trademark infringement, trademark dilution, tarnishment, and copyright infringement.

31. As a direct and proximate cause of Defendant;s conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Three
## Tortious Interference with Contract

32. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

33. The Reseller Agreements are valid binding contracts between Plaintiff and each Reseller.

34. At least since receiving the Letter, Defendant has been aware of these contracts and the prohibition against bulk sales to unauthorized resellers.

35. Despite this knowledge, Defendant induced such Reseller to sell the Products to Defendant in breach of the Reseller Agreement.

36. Defendant improperly interfered with Plaintiff's contractual relationships with its Resellers.

37. As a direct and proximate cause of Defendant's interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Trademark Infringement (15 U.S.C. § 1114)

38. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

39. Plaintiff is the owner of the Trademarks (e.g. NOCO® and NOCO GENIUS®).

40. Defendant uses the Trademarks in connection with their sale of the Products without Plaintiff's authorization or consent.

41. Defendant's use of the Trademarks is likely to cause confusion among consumers as to the source and origin of the Products.

42. Plaintiff informed Defendant that his sales of the Products infringed on Plaintiff's rights in the Trademarks.

43. Defendant's continued use of the Trademarks constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

44. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Five
### Trademark Dilution (15 U.S.C. § 1125)

45. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

46. The Trademarks are well known and distinctive within the battery and chargeable battery industry.

47. Defendant's use of the Trademarks is causing the dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

48. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Six
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

49. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

50. Defendant's unauthorized use of the Trademarks is likely to cause confusion as to the source of the Products in violation of O.R.C. § 4165.02(A)(2).

51. Defendant's unauthorized use of the Trademarks creates the misperception that Defendant and Plaintiff are affiliated, which violates O.R.C. § 4165.02(A)(3).

52. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

## Count Seven
### Copyright Infringement (17 U.S.C. § 501, *et seq*.)

53. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

54. Defendant's use of the Plaintiff's Copyrights violates the Plaintiff's exclusive rights to reproduce, copy, distribute, display, and create derivative works.

55. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from further selling the Products in violation of the Settlement Agreement;

B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from unfairly competing with Plaintiff by further selling the Products;

C. As to Count Three, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from interfering with Plaintiff's contractual relationships with its Resellers by further selling the Products;

D. As to Count Four, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using, and consequently infringing on, the Trademarks;

E. As to Count Five, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using, and consequently diluting, the Trademarks;

F. As to Count Six, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge

Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from selling the Products in violation of O.R.C. § 4165.02; and

  G. As to Count Seven, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of his profits from all unauthorized sales of the Products, and permanently enjoin Defendant from using, and consequently infringing upon, the Copyrights.

        Respectfully submitted,

        **KOHRMAN JACKSON & KRANTZ LLP**

        */s/ Jon J. Pinney*
        JON J. PINNEY (0072761)
        SEAN P. MALONE (0076353)
        DAVID R. POSTERARO (0024661)
        One Cleveland Center, 29th Floor
        1375 East Ninth Street
        Cleveland, Ohio 44114
        Phone: 216-696-8700
        Fax: 216-621-6536
        Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

        */s/ Jon J. Pinney*
        JON J. PINNEY