

## SETTLEMENT, RELEASE, AND WAIVER

**This Settlement, Release, and Waiver (the "*AGREEMENT*") is expressly limited to and made conditional upon the exclusivity of these terms and conditions. Any proposal for additional or different terms or any attempt to vary, in any degree, any of the terms of this AGREEMENT shall be deemed a material alteration hereof and is expressly rejected. The terms and conditions of this AGREEMENT may only be amended by the PARTIES' specific, written assent to the change.**

This AGREEMENT is effective as of the date indicated below by and between The NOCO Company ("*NOCO*") and the reseller of NOCO Products identified below and its respective owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities (jointly and severally "*RESELLER*").  NOCO and RESELLER are collectively referred to as the "*PARTIES*" and individually as a "*PARTY*".

| Name (Exact Legal Name) | | Type of Entity (individual, corporation, etc.) | |
|---|---|---|---|
| Tigger Ranch | | None | |
| Street Address | City | State | Zip Code |
| 10,000 N 31ST St | Phx | AZ | 85051 |
| Telephone | | Fax Number | |
| | | N/A | |
| Contact Name | | Email | |
| | | libster7877@gmail | |
| Business ID No. | Website Address | Effective Date | |
| N/A | | 9/6/17 | |

  **W**HEREAS, NOCO designs and manufactures consumer products under the NOCO®, NOCO GENIUS®, NOCO GENIUS BOOST®, ULRTRASAFE®, CHARGELIGHT®, XGRID®, BATTERY LIFE®, WICKED SMART®, STOP CORROSION®, and other registered and unregistered trademarks and all natural extensions thereof, brands (the "*NOCO PRODUCTS*") embodying substantial proprietary intellectual property, including patents, trademarks, copyrights, and trade secrets (the "*NOCO IP*");

  **W**HEREAS, NOCO alleges that RESELLER, who is not an authorized reseller, has listed NOCO PRODUCTS for sale and infringed upon the NOCO IP; and

  **W**HEREAS, in exchange for RESELLER's agreement to forever refrain from selling NOCO PRODUCTS, NOCO will not pursue legal action for RESELLER's alleged infringement.

  **N**OW, **T**HEREFORE, the PARTIES, for and in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

**1.**  **Non-Sale of NOCO Products.** RESELLER hereby agrees that it shall forever refrain from directly or indirectly selling any NOCO PRODUCTS. If RESELLER breaches this AGREEMENT, including by listing any NOCO PRODUCTS for sale on any website or other platform, including but not limited to Amazon.com, RESELLER agrees that it shall reimburse NOCO for NOCO's costs to enforce this AGREEMENT, including, but not limited to, reasonable attorney fees and costs incurred.

**2.**  **Mutual Release of All Claims.** In consideration of this AGREEMENT and the promises set forth above, the PARTIES hereby acquit, release and forever discharge each other from, and waive any and all claims, actions, causes of action, demands, rights, damages, costs, interest, punitive damages, exemplary damages, equitable relief, attorney fees, expenses and compensation that they, either jointly or severally, may have had or may now have, both known and unknown, foreseen and unforeseen, for economic

damage, infringement of intellectual property rights, breach of contract (written or otherwise), tortious interference with contract, negligence, and any other suits or claims for damages, whatsoever, known or unknown, at law or in equity, that either PARTY, either jointly or severally, had, has, or possibly could have with respect to the NOCO PRODUCTS and/or relating to RESELLER'S sale of the NOCO PRODUCTS in any way, except for any claims arising as a result of a breach of this AGREEMENT, without regard to any subsequent discovery, or existence of additional or different facts and/or evidence.

3. **Applicability**. This AGREEMENT shall be binding on, and inure to the benefit of NOCO, RESELLER, and their current and former owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities.

4. **No Waiver**. The failure of NOCO to exercise any of its rights hereunder or grant extension of time for compliance shall not constitute a waiver of any default or any other right in that or any subsequent default.

5. **Ohio Law Governs**. The laws of the State of Ohio shall govern this AGREEMENT. The PARTIES agree that any action and/or lawsuit to construe the provisions of this AGREEMENT or to enforce the rights and obligations contained herein shall be filed in a court of competent jurisdiction in Cuyahoga County, Ohio, and the PARTIES waive any objections to such forum on the grounds of inconvenience or lack of personal jurisdiction.

6. **Entire Agreement**. This AGREEMENT embodies the entire agreement between the PARTIES with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, oral or written, with respect thereof.

7. **Joint Preparation**. This AGREEMENT is deemed to have been prepared jointly by the PARTIES hereto and any uncertainty or ambiguity herein, if any, shall not be interpreted against either PARTY, but shall be interpreted according to the application of the rules of interpretation for arm's length agreements.

8. **Severability**. It is the intention of the PARTIES that the terms and provisions of this AGREEMENT be construed to be separable and severable. If any term or provision of this AGREEMENT shall be held void, invalid, unenforceable or in conflict with any applicable law, all of the other terms and provisions of this AGREEMENT shall remain valid and fully enforceable.

9. **Opportunity to Review and Authority to Execute**. By signing this AGREEMENT, the undersigned PARTIES acknowledge that they (i) have fully read this AGREEMENT; (i) understand all of its terms; (iii) have had the opportunity to consult with legal counsel; (iv) have the authority to execute the document on the principal's behalf; and (v) have executed this AGREEMENT voluntarily.

10. **Execution and Delivery**. This AGREEMENT may be executed in counterparts, and shall become effective when counterparts have been signed by both PARTIES, it being understood that such PARTIES need not sign the same counterpart. For evidentiary purposes, faxed or electronically mailed counterparts of this AGREEMENT shall be deemed to be originals and digital signatures shall have the same force and effect as a signature in pen and ink.

IN WITNESS WHEREOF, the undersigned have executed this AGREEMENT as of the Effective Date.

**THE NOCO COMPANY**

By: _[signature]_
Jonathan Nook, President

Date: 9-8-2017

**"RESELLER"**

By: _Tigger Ranch_

Print: _Tigger Ranch_

Its: _____

Date: 9/6/17

{K0626905.1}    2